| GIROD TITLING TRUST | * | NO. 2024-C-0201 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| HERMES HEALTH ALLIANCE | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-00748, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

**BELSOME, J., CONCURS IN THE RESULT**

J. Eric Lockridge
Karli Glascock Johnson
Katilyn M. Hollowell
KEAN MILLER LLP
400 Convention Street, Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Georgia N. Ainsworth
Jill A. Gautreaux
KEAN MILLER LLP
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA  70112

     COUNSEL FOR PLAINTIFF/DEFENDANT-IN-RECONVENTION/RESPONDENT

Michael G. Bagneris
BAGNERIS, PIEKSEN & ASSOCIATES, LLC
935 Gravier Street, Suite 2110
New Orleans, LA  70112

     COUNSEL FOR DEFENDANT/PLAINTIFF-IN-RECONVENTION/RELATOR

**WRIT GRANTED;**

**RELIEF DENIED.**
**JULY 1, 2024**

SCJ

DLD

Defendant/Plaintiff-in-reconvention Hermes Health Alliance, LLC, seeks supervisory review of the trial court's March 18, 2024 judgment denying its request to allow a declaratory judgment that was filed in a rule to show cause to proceed on a summary basis. For the foregoing reasons, we grant writs, but deny relief.

On March 15, 2017, Hermes Health Alliance, LLC executed a promissory note with First NBC Bank in the amount of $10,626,177.00. The note required 59 monthly installments of $69,043.12 and a final payment of $9,636,951.13 absent the event of default. The monthly installments were payable on the 15th of each month, beginning April 15, 2017, until March 15, 2022.

The note was secured with a multiple indebtedness mortgage for immovable property located at 4201 Woodland Drive, New Orleans, LA 70131 on the same day. The mortgage was recorded in the mortgage records for Orleans Parish on March 16, 2017. Hermes Health Alliance provided additional security for the amounts due under the note through the execution of certain pledge of leases and rents dated March 15, 2017, which assigned, pledged, and granted to FNBC Bank a continuing security interest in "all leases for the property and the rents derived

1

therefrom." The PLR was filed in the mortgage records for Orleans Parish on March 16, 2017.

In 2017, the Louisiana Office of Financial Institutions filed a motion to close and liquidate FNBC Bank as well as to confirm appointment of receiver. FNBC Bank was closed and liquidated on April 28, 2017. The Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver and was vested with title to all assets of FNBC Bank without the execution of any instruments of conveyance, assignments, transfer or endorsement, and was vested with the full and exclusive management and control of FNBC Bank. On November 13, 2017, FDIC sold the note, mortgage, the pledge of leases and rents, and all the rights to Girod LoanCo, LLC. The assignment of the mortgage sale was recorded in Orleans Parish on December 14, 2017. On January 12, 2018, Girod LoanCo assigned the note, mortgage, and the pledge of leases and rents to Girod Titling Trust, which assignment was recorded in the Orleans Parish records on August 9, 2018.

On January 26, 2023, Girod Titling Trust filed a petition for foreclosure by executory process alleging that Hermes Health Alliance was in default under both the note and collateral mortgage for nonpayment. Girod alleged in its petition that the FDIC sent a certified demand letter to Hermes Health Alliance on August 18, 2017, and August 28, 2017, putting Hermes Health Alliance in default and seeking payment on the outstanding balance. Additionally, Girod averred that it sent correspondence to Hermes Health Alliance on March 14, 2019, notifying it of the default and demand for payment. Girod acknowledged that Hermes Health Alliance had made several payments toward the debt, the most recent payment was on March 6, 2020. However, Hermes Health Alliance failed to pay the full balance owed on the note.

2

On January 30, 2023, the trial court ordered the sale and seizure of the property. On September 7, 2023, the property was sold at a public auction by the Orleans Parish Sheriff to a third party, Girod REO, LLC.

On December 27, 2023, Hermes Health Alliance filed an answer, reconventional demand, request to vacate sheriff's deed, request for declaratory judgments, third-party demands and request for mandamus. It alleged that none of the foreign entities named in the petition for foreclosure by executory process produced evidence that they complied with La R.S. 12:1354(A) therefore rendering the petition and the exhibits as absolute nullities. On February 5, 2024, Hermes Health Alliance filed a motion to set a rule to show cause and a memorandum in support relating to the declaratory judgment, seeking to have Girod Titling Trust to show how it had the right to file a judicial demand in the State of Louisiana.

On February 6, 2024, Girod Titling Trust filed a motion to strike and/or alternatively exceptions of no cause of action, improper cumulation of actions, insufficiency of service of process and lack of personal jurisdiction, unauthorized use of executory/summary proceedings, and vagueness or ambiguity of the petition. On February 15, 2024, Girod Titling Trust filed an opposition to the motion to set rule to show cause with memorandum in support. It averred that the declaratory relief that is the subject of the rule to show cause motion cannot be sought in a summary proceeding.

On February 28, 2024, the trial court held a hearing on the declaratory judgment and exceptions brought by Girod Titling Trust. The trial court denied Hermes Health Alliance's request for a declaratory judgment to proceed on a

summary basis.  The trial court issued a written judgment on March 18, 2024[1],

providing:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's *Motion to Strike* is **DENIED.**
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's declinatory exceptions of insufficiency of service and lack of personal jurisdiction are DENIED, without prejudice.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's peremptory exception of no cause of action is **DENIED,** without prejudice.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Girod Titling Trust, through its Trustee, OAT Trustee, LLC, and Third-Party Girod REO, LLC's dilatory exceptions of unauthorized use of executory/summary proceedings, improper cumulation of actions, and vagueness or ambiguity are DENIED, without prejudice.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hermes Health Alliance, L.L.C.'s *Motion to Set Rule to Show Cause and Incorporated Memorandum* and requests for declaratory judgments on a summary basis are **DENIED,** without prejudice.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Hermes Health Alliance, L.L.C.'s requests for declaratory judgments shall proceed on an ordinary basis.
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, *sua sponte,* converts this executory' process foreclosure action to an ordinary process action.

Hermes Health Alliance filed a Notice of Intent to Apply for Supervisory

Writs and request to stay proceedings on March 27, 2024, and filed its application

for supervisory writs with this Court on April 5, 2024.  Girod Titling Trust filed an

opposition to the writ application on April 15, 2024.  On May 2, 2024, this Court

ordered the relator to supplement the writ application with a signed order setting a

---

[1] In *Girod Titling Trust v. Hermes Health Alliance*, 2024-0221 (La. App.  /24), ___ So.3d. ___, Girod Titling Trust sought supervisory review of the trial court's judgment of March 18, 2024, in which the trial court denied Girod's motion to strike and exceptions of insufficiency of service, lack of personal jurisdiction, no cause of action, unauthorized use of executory/summary proceedings, improper cumulation of actions, and vagueness or ambiguity and converted the executory proceeding into an ordinary proceeding on its own motion.  This Court granted writs, maintained Girod's exceptions and dismissed Hermes Health Alliance's reconventional and third party demands without prejudice.

return date, a verifying affidavit and all pleadings upon which the ruling was based, including certified transcripts referenced in the writ application on or before May 10, 2024. The relator supplemented the writ application as ordered on May 10, 2024. The supplementation revealed that the writ application was timely filed on April 5, 2024, as the trial court had set a return date of "ten days from the date of the order" signed and issued on March 27, 2024.

While the relator, Hermes Health Alliance, assigns five assignments of error for consideration, all five assignments concern the trial court's discretion to deny Hermes Health Alliance's request to seek a declaratory judgment through a summary proceeding. It is the only issue addressed in the writ application by the relator.

La. C.C.P. art. 2592 governs the use of summary proceedings and provides:

Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of judicial proceedings, including the award of and the determination of reasonableness of attorney fees.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo warranto proceeding.
(7) The determination of the rank of mortgages, liens, and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of custody, visitation, and support for a child; support for a spouse; injunctive relief; support between ascendants and descendants; use

5

and occupancy of the family home or use of community movables or immovables; or use of personal property.

(9) An action to compel an accounting at termination of parental authority; and an action to seek court approval to alienate, encumber, or lease the property of a minor, to incur an obligation of a minor, or to compromise the claim of a minor.

(10) An action to annul a probated testament under Article 2931.

(11) An action to enforce the right to a written accounting provided for in R.S. 9:2776.

(12) An action for dissolution or specific performance of a compromise entered pursuant to Article 1916(B) or by consent judgment.

(13) All other matters in which the law permits summary proceedings to be used.

Hermes Heath Alliance references La. C.C.P. art. 2592(3) in support of its argument that a summary proceeding in the form of a rule to show cause is appropriate for seeking a declaratory judgment. However, the Louisiana Supreme Court and this Court have recognized that a request for declaratory judgment must be brought in an ordinary proceedings. The Supreme Court stated in *In re Melancon*, 2005-1702, p. 5 (La. 7/10/06), 935 So. 2d 661, 665, that "[a] suit for declaratory judgment is an ordinary action, not a summary proceeding." This Court has also recognized that "a claim for declaratory relief is not a summary proceeding; it requires a trial on the merits where each party has an opportunity to present evidence in a form other than verified pleadings and affidavits." *Apasra Properties, LLC v. City of New Orleans,* 2009-0709, p. 18, (La. App. 4 Cir. 2/11/10), 31 So. 3d 615, 626-627 (citing La. C.C.P. arts. 1879 and 2592); and *James v. Ocean Nat., L.L.C.,* 2004–2119, p. 6 (La. App. 4 Cir. 5/18/05), 905 So. 2d 1096, 1100 (recognizing that "[a] declaratory judgment must be brought as an ordinary proceeding").

La. C.C.P. article 2592 does not list a declaratory judgment as a proceeding that can be brought summarily. Additionally, jurisprudence has recognized that a

declaratory judgment cannot be sought through a summary proceeding. Hermes Health Alliance's reliance on La. C.C.P. article 2592 (3) is misplaced. A rule to show cause is not the proper procedural vehicle to request declaratory relief. The proper procedural vehicle is an ordinary proceeding, which the trial court correctly held when it denied Hermes Health Alliance's rule to show cause. The trial court did not abuse its great discretion in its judgment.

Accordingly, Hermes Health Alliance's application for supervisory writs is granted, but relief is denied.

**WRIT GRANTED;**
**RELIEF DENIED.**